UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACT NOW TO STOP WAR AND END RACISM COALITION, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action 07-01495 (HHK) |

MEMORANDUM OPINION

Act Now to Stop War and End Racism Coalition, an anti-war and anti-racism organization ("ANSWER"), and the Muslim American Society Freedom Foundation ("MASF") bring this action against the District of Columbia ("the District") seeking a declaration that the District's municipal regulations governing the display of posters in public spaces are unconstitutional and the issuance of an injunction that would prohibit their enforcement.

Before the court is the District's motion to dismiss on the grounds that this court should abstain in the exercise of its jurisdiction under the equitable restraint doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and because ANSWER and MASF do not have standing to prosecute their claims [# 8]. Upon consideration of the motion, the opposition thereto, the oral arguments of counsel at a hearing, and the record of the case, the court concludes that the District's motion must be granted.

## I.   BACKGROUND

In the summer of 2007, ANSWER posted a large number of signs in public locations around the District of Columbia in protest of the war in Iraq.  Thereafter, ANSWER was cited and fined over 200 times for violating a District of Columbi regulation governing "postering" found at 24 D.C.M.R. § 108.9.  This regulation prohibits the affixing of "[s]igns, advertisements, and posters . . . by adhesives that prevent their complete removal from the fixture, or that do damage to the fixture," to which the sign, advertisement, or poster is attached.  24 D.C.M.R. § 108.9.  ANSWER has contested the citations before the District of Columbia Office of Administrative Hearings ("OAH"), but OAH has not yet ruled on ANSWER's challenges.

MASF, another grass-roots political organization, has not been cited for any violation of the postering regulations.  MASF, however, alleges that the regulations are unconstitutionally vague, overly broad, and operate to deter MASF and other activist political groups from exercising their First Amendment free speech rights.  MASF, like ANSWER, seeks a declaration that the postering regulations are unconstitutional and an injunction against their enforcement.

## II.   ANALYSIS

The District moves to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure [# 8]. With respect to ANSWER's claim, the District argues that the court should exercise "equitable restraint" and dismiss ANSWER's claim under the *Younger* abstention

doctrine.[1]  With regard to MASF's claim, the District argues that MASF does not have standing.[2]  The District's arguments are correct.

**A.**     **The *Younger* Abstention Doctrine**

Federal courts are courts of limited jurisdiction and have a "virtually unflagging obligation" to exercise the jurisdiction given to them.  *Bridges v. Kelly*, 84 F.3d 470, 475 (D.C. Cir. 1996).  Under certain circumstances, however, a federal court should decline to exercise its jurisdiction.  One such circumstance is when a federal court is called upon to apply the equitable restraint doctrine set forth in *Younger v. Harris*.  *Younger* abstention is appropriate when a federal court's adjudication of an action would result in its intervention in an ongoing state proceeding that is judicial in nature and involves an important state interest.[3]  401 U.S. at 41.  The *Younger* abstention doctrine rests on principles of comity and federalism.  These principles require federal courts to maintain

---

[1] The District makes three alternative arguments in support of its motion to dismiss. The District argues that ANSWER: (1) has failed to exhaust its administrative remedies; (2) has failed to state a claim under Fed. R. Civ. P. 12(b)(6); and (3) is barred by claims preclusion principles from prosecuting this action.  The court does not reach the merits of the District's other arguments.

[2] The District also asserts that ANSWER does not have standing.  In light of its ruling that this case should be dismissed as to ANSWER under *Younger* abstention, the court does not reach this argument.

[3] Although *Younger* only speaks of "states" and "state interests," this Circuit treats the District as a state when determining whether *Younger* abstention is appropriate. *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1120 (D.C. Cir. 2004).

>  a proper respect for state functions, a recognition of the fact that the entire country
>  is made up of a Union of separate state governments, and a continuance of the belief
>  that the National Government will fare best if the States and their institutions are left
>  free to perform their separate functions in their separate ways.

*Younger*, 401 U.S. at 44.[4]

The *Younger* abstention doctrine applies to all state proceedings that are judicial in nature, which includes not only criminal and civil actions, but also state administrative proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 629 (1986). Even when the administrative body in question does not have the power to review constitutional claims, it suffices that "constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Id.*; *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The District persuasively argues that this court should apply the *Younger* abstention doctrine here and not render a decision that would operate as an intervention in the OAH proceedings in which ANSWER challenges the District's citations for ANSWER's postering activities. As the District points out, this case falls squarely within the three-part test which federal courts employ to determine whether *Younger* abstention is appropriate. *Younger*

---

[4] Federal interference with ongoing state actions works a number of harms on the affected state, such as disrupting state judicial proceedings and preventing state agencies from correcting their own mistakes. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975); *see also Dombrowski v. Pfister*, 380 U.S. 479, 484 (1965) ("[C]onsiderations of federalism have tempered the exercise of equitable power [against state proceedings.]"); *Fenner v. Boykin*, 271 U.S. 240, 243 (1926) (holding that federal injunctions against state judicial proceedings may only be granted in extraordinary circumstances). Furthermore, such interference runs the risk of suggesting that states are not competent to determine federal and constitutional questions for themselves. *Huffman*, 420 U.S. at 604.

abstention is appropriate here because: (1) ANSWER is involved in ongoing state proceedings that are judicial in nature; 2) these proceedings involve important state interests;[5] and 3) the proceedings offer an adequate opportunity in which to raise federal claims. *Hoai v. Sun Ref. & Mktg. Co.*, 866 F.2d 1515, 1518 (D.C. Cir. 1989) (*citing Middlesex*, 457 U.S. at 432).

**B.    Does this Case Present an Extraordinary Circumstance Which Precludes *Younger* Abstention?**

In rare situations, a federal court will properly exercise its jurisdiction when it would otherwise by required to abstain under the *Younger* abstention doctrine. A federal court will not abstain if: (1) the state action was brought in bad faith or for the purpose of harassing the federal plaintiff or (2) the state law in question is "flagrantly and patently" unconstitutional. *Id.* at 53; *see also JMM Corp.*, 378 F.3d at 1127; *Trainor v. Hernandez*, 431 U.S. 434, 446-47 (1977). ANSWER argues that the District's postering regulations are flagrantly and patently unconstitutional. ANSWER contends, therefore, that this case presents a circumstance when abstention would be inappropriate. ANSWER's argument is without merit.

Flagrant and patent unconstitutionality is a particularly demanding standard to meet and is even more demanding than the test that is applied when a court determines whether an enactment is unconstitutional on its face.[6] In order to be flagrantly and patently unconstitutional, a statute or

---

[5] The important state interests at stake are the avoidance of litter and the maintenance of public aesthetics.

[6] In order to show that a statute or regulation is facially unconstitutional in violation of the First Amendment, plaintiffs must show "that a law punishes a 'substantial' amount of protected free speech, 'judged in relation to the statute's plainly legitimate sweep' . . . [This] suffices to invalidate *all* enforcement of that law[.]" *Virginia v. Hicks*, 539 U.S. 113, 118-19

5

regulation must be "violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54 (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)).  ANSWER does not come close to making the required showing or even attempting to do so.  Eschewing any discussion of governing legal principles, ANSWER does little more than proclaim repeatedly that the postering regulations are flagrantly and patently unconstitutional.  Saying it does not make it so, however.  To the contrary, the postering regulations at issue quite clearly do not violate any express constitutional prohibition "in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it."  *Id*.[7]  Indeed, the shortcoming of ANSWER's position is easily discerned by asking the following question: which "express

---

(2003) (*quoting Broadrick v. Oklahoma*, 413 U.S. 601, 615, (1973)).  The test to apply under *Younger*, however, is the stricter (and to this day unmet) "flagrant and patent" unconstitutionality standard.  *Younger*, 401 U.S. at 53-54.  ANSWER conflates the two standards and argues that *Younger* abstention is not appropriate when a meritorious facial constitutional challenge is presented.  This is simply wrong. Even if the court were presented with a facially unconstitutional law it still would be required to abstain from exercising jurisdiction if the law was not also flagrantly and patently unconstitutional.

[7]  The high hurdle which ANSWER confronts is demonstrated by the fact that in the four decades since the *Younger* decision, no federal court has found *any* state law sufficiently egregious under the "flagrant and patent" standard to overcome *Younger* abstention.  It is also useful to consider that the *Younger* Court itself abstained from intervening in a state proceeding that involved a law that was unconstitutional on its face, holding that facially invalid laws do not necessarily rise to the level of flagrant and patent unconstitutionality required to overcome federal court abstention.  *Younger*, 401 U.S. at 54; *see also Huffman*, 420 U.S. at 602 ("[F]acial invalidity of a statute is not itself an exceptional circumstance justifying federal interference[.]"); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989) (*"NOPSI"*) ("[M]ere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction"); *Ohio Civil Rights Comm'n*, 477 U.S. at 628 (holding that an attack on the constitutionality of state procedures does not in itself automatically overcome *Younger* abstention).

constitutional prohibition" is violated by a regulation which prohibits the affixing of any sign, advertisement, or poster on a fixture in public space in such a way that it cannot be completely removed or cause damage to the fixture? The answer, of course, is none.

Consequently, because the District's postering regulations are not flagrantly and patently unconstitutional, this court must abstain in accordance with the *Younger* abstention doctrine.

### C.     MASF Does Not Have Standing

In order for a plaintiff to have standing in a federal court, the plaintiff bears the burden of establishing three elements: 1) that she suffered an injury-in-fact, which is an invasion of a legally protected interest which is both (a) concrete and particularized and (b) actual or imminent, as opposed to conjectural or hypothetical; 2) that the injury is 'fairly traceable' to the challenged act; and 3) that it is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Navegar, Inc. v. United States*, 103 F.3d 994, 997 (D.C. Cir. 1997); *Seegars v. Gonzales*, 396 F.3d 1248, 1251 (D.C. Cir. 2005). If a plaintiff fails to establish any one of these elements, she does not have standing to prosecute her claim in federal court. *Lujan*, 504 U.S. at 560-61.

In the context of First Amendment litigation, the court has allowed limited exceptions to the traditional standing rules by permitting plaintiffs to attack overly broad statutes, "not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Oklahoma*, 413 U.S. 601, 612

(1973). In such cases "it is not necessary that [a plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974); *see also Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). However, the invalidation of a statute because is facially invalid is "strong medicine," and is employed by the court "sparingly and only as a last resort." *Broadrick*, 413 U.S. at 613. Consequently, in order to determine that a law is facially invalid, "the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id.* at 615.

      Here, MASF alleges that the District's postering regulations are causing imminent, current, and ongoing harm. MASF contends that the postering regulations are so vague that they invite arbitrary enforcement. As a consequence, MASF asserts, it has refrained from putting up posters. In other words, MASF maintains that the posturing regulations "chill" its free speech rights. As proof of the chilling effect of the postering regulations, MASF presents the court with an affidavit written and signed by its Executive Director which states that MASF has been targeted by governmental actions, that it is refraining from posting material in public spaces for fear of "bringing the force of the state upon it," and that consequently MASF is "chilled from the exercise, of the full scope of freedoms and privileges that is allowed to others whose messages are favored within the regulatory system." Pls.' Opp'n to Def.'s Mot to Dismiss, Ex. 2, Bray Aff. at 2.

      MASF has not shown that it has suffered or will suffer any concrete harm. It does not allege that it has planned to undertake any action which may violate the District's postering

regulations but which it has not undertaken because of the enforcement of those regulations. Put another way, MASF has not shown evidence of an "objective" chill. Rather, at best, it has shown that it feels personally and subjectively chilled by the District's regulations. "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). And, the court is "not persuaded that every plaintiff who alleges a First Amendment chilling effect and shivers in court has thereby established a case or controversy." *Metro. Wash. Airports Authority Prof'l Fire Fighters Ass'n v. United States*, 959 F.2d 297, 306 (D.C. Cir. 1992). Consequently, MASF lacks standing to pursue its claim.

### III. CONCLUSION

For the foregoing reasons, the court concludes that the District's motion to dismiss must be granted. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.  
United States District Judge

Dated: August 11, 2008