SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **ABIGAL PADOU,** *et al.*, | * | |
| Plaintiffs, | * | |
| | * | Case No. 2008 CA 008274 B |
| v. | * | Judge Craig Iscoe |
| | * | Next Event: |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA,** *et al.*, | * | |
| Defendants. | * | |

### ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment. For the reasons stated below, the Court **DENIES AS MOOT** Defendants' Motion for Summary Judgment and **DENIES AS MOOT** Plaintiffs' Cross-Motion for Summary Judgment.

Plaintiffs challenge the facial constitutionality of regulation 24 DCMR § 108, and have waived their challenge to the constitutionality of the regulation as applied. In her facial challenge Plaintiff argues that the regulation is unconstitutionally overbroad. This argument has been rendered moot by the recent amendments 24 DCMR § 108.

This matter comes before the Court on remand from the Court of Appeals with instructions to afford the parties an opportunity to conduct discovery and further proceedings. The Court of Appeals found that the trial court incorrectly interpreted Plaintiffs' selective enforcement challenge to the statute as an equal protection claim. The Court of Appeals also concluded that the trial court should have focused first on Plaintiffs' as applied argument before ruling on Plaintiffs' facial challenge. *Padou v. District of Columbia,* 998 A.2d 286, 293 n.6 (D.C. 2010). However, after their successful appeal granting Plaintiffs the opportunity to present evidence in support of their as applied challenge, Plaintiffs voluntarily forfeited this argument.

By waiving their challenge to the statute as applied, Plaintiffs have limited this court's analysis to their claim that 24 DCMR § 108 is facially invalid.

## Background

Plaintiffs, proceeding pro se, brought this action on November 24, 2008, after the District of Columbia Department of Public Works removed roughly 300 posters detailing a planned rally in the area of Brookland. At the time that the signs were removed, 24 DCMR §§ 108.5 and 108.6 (2007) specified:

> 108.5- A sign, advertisement, or poster shall not be affixed for more than sixty (60) days, except the following:
>
> (a) Signs, advertisements, and posters of individuals seeking political office in the District who have met the requirements of § 210 of the D.C. Campaign Finance Reform and Conflict of Interest Act (D.C. Code § 1-1420 (1981)); and
> (b) Signs designed to aid in neighborhood protection from crime shall be exempt from the sixty (60) day time period
>
> 108.6- Political campaign literature materials shall be removed no later than thirty (30) days following the general election.

Subsections 108.5 and 108.5 were amended on November 2, 2009 to read:

> 108.5- A sign, advertisement, or poster not related to a specific event shall be affixed for no more than sixty (60) days.
> 108.6- A sign, advertisement, or poster related to a specific event may be affixed any time prior to the event but shall be removed no later than thirty (30) days following the event to which it is related.

Subsections 108.5 and 108.5 were amended again on August 26, 2011 to read:

> 108.5- A sign, advertisement, or poster shall be affixed for no more than one hundred eighty (180) days.
> 108.6- A sign, advertisement, or poster related to a specific event shall be removed no later than thirty (30) days following the event

to which it is related. This subsection is not intended to extend the durational restriction in subsection 108.5.

On September 30, 2011, subsections 108.5, 108.6, 108.11 of 24 DCMR § 108 were amended, apparently over concerns of unequal treatment of noncommercial advertising in the public space. 2011 DC REG TEXT 271180 (NS). In addition, a new subsection, 108.13, was added. 24 DCMR § 108 now reads as follows:

> 108.5- A sign, advertisement, or poster shall be affixed for no more than one hundred eighty (180) days.
>
> 108.6- A sign, advertisement, or poster related to a specific event shall be removed no later than thirty (30) days following the event to which it is related. This subsection does not extend the time limit in subsection 108.5.
>
> 108.11- Within twenty-four (24) hours of posting each sign, advertisement, or poster, two (2) copies of the material shall be filed with an agent of the District of Columbia so designated by the Mayor. The filing shall include the name, address, and telephone number of the originator of the sign, advertisement, or poster, and if the sign is for an event, the date of the event.
>
> *A new subsection 108.13 is added to read as follows.
>
> 108.13- For purposes of this section, the term "event" refers to an occurrence, happening, activity or series of activities, specific to an identifiable time and place, if referenced on the poster itself or reasonably determined from all circumstances by the inspector.

### Standard of Review

It is well-established law that a case may be rendered moot by legislation. *See United States v. Alaska S.S. Co.*, 253 U.S. 113 (1920) ("Where by an act of the parties, or a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly"). A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

**Discussion**

The Supreme Court has held that the overbreadth doctrine is "strong medicine" and have employed it with hesitation, and then "only as a last resort." *New York v. Ferber*, 458 U.S. 747, 769 (1982) (quoting *Broadrick*, 413 U.S., at 613). The Court requires that the overbreadth involved be "substantial" before the statute involved will be invalidated on its face. *Id.* In *U.S. v. Stevens*, the Court recognized a type of facial challenge whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep. *United States v. Stevens*, 130 S. Ct. 1577, 1587 (2010). A law is overbroad if it regulates substantially more speech than the Constitution allows. In other words, in an area that the government can regulate speech, such as the display of posters and advertisements, a law would be overbroad if it regulates more expression that the Constitution permits. "If the statute is substantially overbroad--that is, if it abridges protected speech of others in a good number of cases--the statute is unconstitutional." *Ruggiero v. F.C.C.*, 317 F.3d 239, 248 (D.C. Cir. 2003).

The Court need no longer determine whether the regulation, as it existed in 2008, was overbroad. The legislation as it now exists removes any ambiguity surrounding a "specific event" and removes the distinction between the length of time posters, signs, or advertisements *related* to specific event and signs, poster, or advertisements *not related* to a specific event may be hung. The regulation no longer applies different rules to posters based on the content of the poster. For example, posters containing political content and posters containing recreational content may be hung for one hundred and eighty (180) days. The new regulation removes any reference to posters "designed to aid in neighborhood protection from crime," which were previously exempt from a durational limit. Finally, the amended regulation is not viewpoint-based because

4

individual candidates for office are not treated any differently than candidates who oppose them. This new legislation renders this case moot.

It is this 27th day of October 2011 hereby

**ORDERED**, that Defendants' Motion for Summary Judgment is **DENIED AS MOOT**.

**ORDERED**, that Plaintiffs' Cross-Motion for Summary Judgment is **DENIED AS MOOT**.

**SO ORDERED**.

                                                                  _/s/ Craig Iscoe_
                                                                   **CRAIG ISCOE**
                                                                        **JUDGE**
                                                                 **(Signed in Chambers)**

Copies via electronic service to:

Don and Abigail Padou
1335 Lawrence Street N.E.
Washington, D.C. 20017
Direct Dial: (202) 832-4038
E-mail: don.padou@yahoo.com
E-mail: abigail_padou@yahoo.com

Chad Copeland
Assistant Attorney General
441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
Direct Dial: (202) 724-6623
Fax: (202) 727-3625
E-Mail: chad.copeland@dc.gov

5