UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ACT NOW TO STOP WAR AND END RACISM COALITION, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.07-1495 (RCL) |
| DISTRICT OF COLUMBIA, | ) ) | |
| Defendant. | ) ) ) | |

### DEFENDANT'S REPLY

Pursuant to LCvR 7(d), defendant ("the District") hereby briefly replies in support of its motion for summary judgment on the remaining claim in this matter.

The Court should grant summary judgment to the District because the single remaining claim is without merit. The disputed, repeatedly revised regulations are content-neutral, narrowly tailored to serve significant government interests, and allow ample alternative channels of communication.[1] Moreover, they are not unconstitutionally vague, hence they pass muster under the First Amendment.

Plaintiff, in its Opposition to the District's dispositive motion, for the first time addresses the pertinent (and controlling) case law cited by the District, only because it was forced to. Again, plaintiff submits a brief that goes right to the Court's page limits, submitting page after

---

[1] Plaintiff's assertion of an "overwhelming outpouring of public criticism over the postering rules" P.Opp. at 14 is specious. The vast majority of the 700+ comments received by the District were generated electronically by the plaintiffs. *See* Exhibit A (sample of comments). This is not to suggest, of course, that the comments are therefore invalid, but to point out that the identical text, references to plaintiffs' specific administrative proceeding here (and lack of references to any specific, proposed regulation), and out-of-state residency of the commenters all undercut the assertion that the comments reflect the views of "the public."

page of irrelevant "background" discussion. Indeed, the "Argument" section of plaintiff's latest brief only begins at the bottom of page 17. Repetition is not the equivalent of argument. The District's postering regulations survive plaintiff's facial vagueness challenge, because it is clear what the regulations proscribe "in the vast majority of [their] intended applications." *Hill v. Colorado*, 530 U.S. 703, 733 (2000).

Despite the broad language of plaintiff's arguments, and the hundreds of jurisdictions across the country that use public-space regulations to govern posters and signs, plaintiff again fails to cite *any* case invalidating (or even *mentioning*) any regulations or statutory language remotely similar to those it challenges here. Ultimately, plaintiff's arguments are conclusory.

Plaintiff fails to rebut the rationale for the District's event/non-event distinction: As stated by the Court, "[a] poster for an event that has already occurred is more likely to constitute litter and blight than a poster for a future event or a general political message." *ANSWER Coal. v. District of Columbia*, 798 F.Supp.2d 134, 148 (D.D.C. 2011). Plaintiff fails to overcome this common-sense justification. Plaintiff's suggestion that "a sign exclusively advertising an event without any general political messaging, i.e., a sign announcing a one day yard sale, is reasonably considered litter and blight after the date of the yard sale[,]" P.Opp. at 5, would be absurd if it did not so clearly demonstrate plaintiff's misunderstanding here. Plaintiff's suggestion that "general political messaging" posters are somehow more worthy of First Amendment protection than "a sign announcing a one day yard sale" should be rejected by the Court. It is just this sort of *subjective judgment* that the Constitution forbids the government from making here. Indeed, the District takes at face value plaintiff's statement, regarding non-event signs, that "[t]he relevancy of such signs' dominant political messages persists for up to 180 days

and beyond." *Id*. at 3.[2] But surely plaintiff does not propose that the District's regulations or inspectors attempt to take content "relevancy" into account in regulating posters on public space.

Litter is litter, no matter how "relevant" a sign's sponsor feels the content is, and the longer a poster remains in public space subject to the elements, the more likely it will contribute to visual blight. The problems accompanying outdated signs proliferating after events are well-established and not challenged by plaintiff. Plaintiff continues to be willfully blind to the valid aim of the regulations. The regulations are concerned with *how long* a poster is hung, *not* with the content of the posters. Posters for events are, to some extent, self-limiting in duration. A sponsor of such a poster will not want to put signs up too far in advance of the event, for fear of the poster becoming detached, vandalized, etc., or because people will forget about the upcoming event. And as the Court has already noted, posters are far more likely to become litter and blight *after* an event, as the event's sponsors move on to other priorities and leave the District (and its residents) to deal with the aftermath. Without the regulations, there would be no incentive for sign posters to remove signs, and the public space would soon be adrift with all sorts of weathered, detached cardboard and vinyl signs, which the District would be powerless to control. Plaintiff's arguments imply a classic false dichotomy: either all posters are allowed to stay up for as long as their sponsors think they are "relevant," or the District should simply ban all posters in public space outright. An "event-based" distinction for posters is a narrowly tailored time, place, or manner restriction that the District is entitled to utilize in an attempt to control a widely recognized problem—litter and visual blight.

---

[2] *See also id.* at 17 ("It is no greater eyesore, for those to whom it may constitute 'visual blight,' with the inclusion of the date references and event descriptions than without."). The point is not that such a sign is more of an eyesore (or loses its "relevancy" more quickly) than any other sign, but—as the Court has already found—an event poster for a past event is more likely to become litter and visual blight than non-event posters.

Plaintiff's histrionic assertions that the regulations are "extraordinarily vague" and that the inspectors' discretion is "completely unconstrained and unchecked[,]" P.Opp. at 6, 9, must be finally rejected. *Cf. National Org. for Marriage v. Daluz*, 654 F.3d 115, 121 (1st Cir. 2011) ("[t]he mere fact that a regulation requires interpretation does not make it vague.") (quoting *Ridley v. Massachusetts Bay Transp. Auth.*, 390 F.3d 65, 93 (1st Cir. 2004) (citing *McConnell v. FEC*, 540 U.S. 93, 169 n.64 (2003)).

> First Amendment analysis is particularly prone to words and phrases being taken out of context. Concerns about vagueness and about excessive discretion arise most strongly in other contexts. The void-for-vagueness argument classically arises where the government imposes criminal sanctions for conduct or speech. And the concern over subjective decision making has most effect in government licensing schemes. Neither is the situation here.

*Ridley*, 390 F.3d at 94 (citation omitted).

The postering regulations simply do not fall into the same category as regulations that are found to be vague because they fail to give adequate notice to persons of ordinary intelligence, or that delegate too much discretion to enforcers. *See, e.g., Hayes v. New York Attorney Grievance Committee*, 672 F.3d 158, 169 (2nd Cir. 2012) (while disciplinary rule requiring certain disclaimers to be "prominently made" in conjunction with attorney statements as to certification and specialization "would likely survive a facial challenge," plaintiff had shown that the rule was "unconstitutional as applied"); *Stand Up America Now v. City of Dearborn*, ___ F.Supp.2d ___, 2012 WL 1145075, * 3 (E.D. Mich. Apr. 5, 2012) (preliminarily enjoining as unconstitutionally vague city ordinance requiring sponsor's execution of "hold harmless" agreement prior to holding event on city property; "the content of the indemnification agreement leaves unfettered discretion with the legal department."); *Lowden v. Clare County*, 2011 WL 3958488, *14 (E.D. Mich. Sept. 8, 2011) (finding overbroad and vague a Michigan "funeral protest statute" that prohibited, *inter alia*, conduct that would "adversely affect" a funeral); *Williams v. West Va. Bd.*

*of Governors*, 782 F.Supp.2d 219, 227 (N.D.W.V. 2011) (university policy held vague; because of "the lack of any criteria for the issuance of a Trespassing Form, an individual can be excluded from the premises based on the whim of a WVU Officer.").

Plaintiff presents no competent evidence at all, merely its own legal conclusions and the immaterial testimony of District inspectors. But plaintiff is comparing apples to oranges. As plaintiff states, "[t]here are likely few 'ordinary persons' who have as much expertise, knowledge—never mind training, and job requirements—of the postering regulations." P.Opp. at 7. The deposition testimony shows, if anything, only that the inspectors did their best to try to interpret the new regulations in the barrage of hypotheticals posed by plaintiff.[3] A "person of ordinary intelligence" would be able to determine that a sign related to a specific event can only remain posted for 30 days following the event. That plaintiff was able to confuse the inspectors is utterly meaningless here. *Cf. J.S. ex rel. Snyder v. Blue Mountain School Dist.*, 650 F.3d 915, 935–36 (3rd Cir. 2011) (affirming district court's rejection of facial overbreadth and vagueness challenge to school district's electronic communications and information policies; "[t]he misinterpretation of these policies by specific individuals, however, does not make the policies overbroad.").

Plaintiff's sole remaining claim is a facial challenge to the postering regulations, which text governs here. Plaintiff's presentation of reams of extraneous material is manifestly unhelpful in resolving its challenge. *See, e.g., St. Croix Waterway Ass'n v. Meyer*, 178 F.3d 515, 519 (8th Cir. 1999) ("[B]ecause the [plaintiff's] complaint asserted a facial constitutional challenge, the issues presented to the district court were questions of law and the specific facts were not

---

[3] In fact, plaintiff's own evidence shows that the word "discretion" was *first* used by plaintiff's counsel in questioning the deponents, and not *sua sponte* raised by the inspectors to describe their enforcement reasoning. *See* Plaintiff's Exh. No. 7 (deposition of Benjamin Broome), at 31; Plaintiff's Exh. No. 8 (deposition of Yolanda Hood), at 9.

relevant.") (citing *Penn Advertising of Baltimore, Inc. v. Mayor & City Council*, 63 F.3d 1318, 1322 (4th Cir. 1995) (holding facial attack on ordinance presented issues that were questions of law which could be resolved without further development of factual record), *vacated and remanded on other grounds*, 518 U.S. 1030 (1996)); *Casciani v. Nesbitt*, 659 F.Supp.2d 427, 438 (W.D.N.Y. 2009) ("As the term implies, a facial challenge to an ordinance must be decided with reference to the face of the ordinance, not the particular facts surrounding its passage.") (citing, *inter alia, Mann v. Calumet City, Ill.*, 2009 WL 395465, *4 (N.D. Ill. Feb. 17, 2009) ("the [relevant] factual allegations [with respect to a facial challenge to an ordinance] are the provisions of the Ordinance" itself) (alterations in original)); *King Enterprises, Inc. v. Thomas Township*, 215 F.Supp.2d 891, 907 (E.D. Mich. 2002) (in facial challenge, "[w]hen First Amendment rights are implicated, the relevant scope of inquiry is focused on the text of the law, not the facts surrounding its application.") (citation omitted).

Similarly, plaintiff's Statement of Material Facts as to Which There Exists a Genuine Issue to be Litigated fails to comply with the LCvR 7(h)(1). The Circuit has long required "strict compliance" with that Rule, which requires that an opposition to a motion for summary judgment "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated . . . ." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996). Plaintiff's statement simply fails to do this, blending its (largely immaterial) factual assertions with legal argument and conclusions. Plaintiff fails to set forth *any* "disputed material facts [on the one remaining claim] worthy of resolution at trial." *Id*. at 149.[4]

---

[4] As the District argued previously, *there are no material facts at issue*, hence summary judgment is appropriate for the District as a matter of law.

Here, plaintiff's statement is 23 pages and 80 paragraphs long, does not seriously dispute any of the District's material facts, and the vast majority of facts identified are not material. *See id*. at 153 ("Twenty-nine pages long, the section hardly complies with the rule's requirement that statement of genuine issues be 'concise.'"). Moreover, plaintiff dumps 197 pages of exhibits on the Court, which, even if they had been material, "undermines the purposes of the Rule, which is to assist the Court in quickly determining which facts are actually in dispute." *Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F.Supp.2d 1, 5 n.3 (D.D.C. 2006) (citing, *inter alia*, *Gibson v. Office of the Architect of the Capitol*, 2002 WL 32713321, at *1 n. 1 (D.D.C. Nov. 19, 2002) ("Plaintiff's Statement is almost completely unhelpful to the Court as its provisions rarely address the facts outlined in Defendant's Statement, instead describing in lengthy detail the 'contextual and structural background' surrounding Defendant's stated facts. Such excess, unresponsive verbiage is a clear violation of both the letter and the spirit of Local Rule 56.1."). *See also Burke v. Gould*, 286 F.3d 513, 523 (D.C. Cir. 2002) (Randolph, J., dissenting in part) ("This is a straightforward rule, easy to understand and easy to follow. [Plaintiff] flagrantly violated it. He dumped nearly two hundred pages of material into the record, large portions of which contained information that would be inadmissible at trial and thus had no proper function in opposing summary judgment."). Not only is plaintiff's statement utterly unhelpful in resolving the dispositive motions, it is affirmatively burdensome, requiring the Court to sift through hundreds of pages of irrelevant documents.

Plaintiff continues to misunderstand the District's burden here. *See, e.g., Turner Broad. Sys. v. FCC*, 512 U.S. 622, 666 (1994) ("[W]hen trenching on first amendment interests, even incidentally, the government must be able to adduce either empirical support *or at least sound reasoning* on behalf of its measures") (emphasis added) (quoting *Century Communications Corp.*

*v. FCC*, 835 F.2d 292, 304 (D.C. Cir. 1987)). *See also City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 439 (2002) ("In effect, [the dissenting Justices] ask[] the city to demonstrate, *not merely by appeal to common sense*, but also with empirical data, that its ordinance will successfully lower crime. Our cases have never required that municipalities make such a showing, certainly not without *actual and convincing evidence from plaintiffs to the contrary*.") (emphasis added).

"Local officials, by virtue of their proximity to, and their expertise with, local affairs, are exceptionally well qualified to make determinations of public good 'within their respective spheres of authority.'" *Richmond v. J.A. Croson Co.*, 488 U.S. 469, 544 (1989) (quoting *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 244 (1984)).

The record here is more than sufficient to meet the District's burden and reject plaintiff's claims here. *See, e.g., National Ass'n of Manufacturers v. Taylor*, 582 F.3d 1, 15 (D.C. Cir. 2009) ("[A]lthough limited, the legislative record here is no less substantial than the record the Court regarded as sufficient in [*Nixon v. Shrink Mo. Gov't PAC*, 528 U.S. 377, 391–94 (2000)], which consisted principally of newspaper accounts and the affidavit of a Missouri state senator."). *Cf. id.* at 16 n.10 (citing *Blount v. SEC*, 61 F.3d 938, 944–45 & n.3 (D.C. Cir. 1995) (rejecting contention that the First Amendment requires government "to support its findings with record evidence" where the governmental interest is "self-evident[ ]") (alteration in original)). *See also Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 628 (1995) (in case applying strict scrutiny, Supreme Court allowed litigant to justify speech restriction "based solely on history, consensus, and 'simple common sense'") (quoting *Burson v. Freeman*, 504 U.S. 191, 211 (1992)). "Nothing in [*Edenfield v. Fane*, 507 U.S. 761 (1993)], a case in which the State offered *no* evidence or anecdotes in support of its restriction, requires more." *Id.* (emphasis in original).

History, consensus, and simple common sense amply support the postering regulations. The Court should grant summary judgment to the District.


DATE: July 24, 2012             Respectfully submitted,

                                IRVIN B. NATHAN
                                Attorney General for the District of Columbia

                                ELLEN A. EFROS
                                Deputy Attorney General
                                Public Interest Division

                                     /s/ Grace Graham
                                GRACE GRAHAM, D.C. Bar No. 472878
                                Chief, Equity Section
                                441 Fourth Street, NW, 6th Floor South
                                Washington, DC 20001
                                Telephone: (202) 442-9784
                                Facsimile: (202) 741-8892
                                Email: grace.graham@dc.gov


                                     /s/ Andrew J. Saindon
                                ANDREW J. SAINDON, D.C. Bar No. 456987
                                Assistant Attorney General
                                Equity Section
                                441 Fourth Street, N.W., 6th Floor South
                                Washington, D.C. 20001
                                Telephone: (202) 724-6643
                                Facsimile: (202) 730-1470
                                E-mail: andy.saindon@dc.gov